UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VALENZUELA ARZATE,<br><br>Petitioner,<br><br>v.<br><br>CLARK E. DUCARTE,<br><br>Respondent. | CASE NO. 1:15-cv-01256-BAM  HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 9) |

Petitioner, proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, moves for appointment of counsel. Petitioner states that the Office of the Federal Defender represents him in *Arzate v. Holland*, No. 1:09-cv-02156-MJS (E.D.Cal.) and *Arzate v. Gonzales*, No. 12-17618 (9th Cir.),[1] and has assisted him in preparing state petitions to exhaust ground one of the petition. As a result, the Office of the Federal Defendant "could easily begin representation of [Petitioner] in this matter." Doc. 9 at 1.

In habeas proceedings, no absolute right to appointment of counsel currently exists. *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984). Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

///

---

[1] After the U.S. Court of Appeals for the Ninth Circuit granted Petitioner's request for a certificate of appealability, it directed this Court to appoint counsel to represent Petitioner in his appeal. *See Arzate v. Holland*, Doc. 21 at 1 (E.D.Cal. Oct. 30, 2013) (No. 12-17618), *appeal pending sub nom. Arzate v. Gonzales*, No. 12-17618 (9th Cir.).

1  In the above-captioned case, the Court finds no evidence that the interests of justice require the
2  appointment of counsel in this case at this time.  The well-prepared petition submitted by Plaintiff
3  presents two issues that are no more complex than the issues submitted in the vast majority of petitions
4  for writ of habeas corpus filed in this Court.  The Ninth Circuit's appointment of counsel to represent
5  Petitioner with regard to the novel issue on which it granted a certificate of appealability does not
6  mandate appointment of counsel in this case.
7  Accordingly, Petitioner's motion for appointment of counsel is hereby denied.

IT IS SO ORDERED.

Dated:   **September 16, 2015**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE