UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VALENZUELA ARZATE, | CASE NO. 1:15-cv-01256-SKO  HC |
| Petitioner, | |
| v. | ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |
| CLARK E. DUCARTE, | |
| Respondent. | (Doc. 16) |

Petitioner, proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, files a second motion for appointment of counsel.  Petitioner states that the Office of the Federal Defender represents him in *Arzate v. Holland*, No. 1:09-cv-02156-MJS (E.D.Cal.) and *Arzate v. Gonzales*, No. 12-17618 (9th Cir.),[1] and has assisted him in preparing state petitions to exhaust ground one of the petition.  As a result, the Office of the Federal Defendant "could easily begin representation of [Petitioner] in this matter." Doc. 16 at 1.

In habeas proceedings, no absolute right to appointment of counsel currently exists.  *See, e.g., Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958); *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir. 1984).  Nonetheless, a court may appoint counsel at any stage of the case "if the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing Section 2254 Cases.

///

---

[1] After the U.S. Court of Appeals for the Ninth Circuit granted Petitioner's request for a certificate of appealability, it directed this Court to appoint counsel to represent Petitioner in his appeal.  *See Arzate v. Holland* , Doc. 21 at 1 (E.D.Cal. Oct. 30, 2013) (No. 12-17618), *appeal pending sub nom. Arzate v. Gonzales*, No. 12-17618 (9th Cir.).

1

In the above-captioned case, the Court finds no evidence that the interests of justice require the appointment of counsel in this case at this time.  The petition, response, and reply are already complete. The well-prepared documents submitted by Plaintiff present two issues that are no more complex than the issues submitted in the vast majority of petitions for writ of habeas corpus filed in this Court.  The Ninth Circuit's appointment of counsel to represent Petitioner in another case does not mandate appointment of counsel in this case.

Accordingly, Petitioner's motion for appointment of counsel is hereby denied.

IT IS SO ORDERED.

Dated:    **January 25, 2016**                    **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE